# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CATHOLIC MEMORIAL HIGH SCHOOL
OF WAUKESHA, INC.,

      Plaintiff,

      v.

LEAGUE OF UNITED LATIN
AMERICAN CITIZENS,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:26-cv-00985-JPS

---

## DEFENDANT'S RESPONSE TO MOTION TO REMAND

---

### INTRODUCTION

Plaintiff Catholic Memorial High School's ("CMH") Motion to Remand, dkt. 11, is notable not for the arguments that it makes, but for the argument it fails to make.

CMH claims that it served Defendant League of United Latin American Citizens ("LULAC") on January 14, 2026. *E.g.* dkt. 12 at 1 (citing dkt. 1-5). But LULAC did not remove this case until some six months later, on June 2, 2026. Dkt. 1. So, at first blush, the natural basis to seek remand would be lack of timely removal. *See* 28 U.S.C. §1446(b)(1). CMH does not raise that argument—because LULAC was never served. As set forth in LULAC's pending Motion to Vacate Default and Dismiss—to which CMH still has not responded—the Court should vacate the default judgment entered by the state court and dismiss this case because:

> (1) the purported evidence of service constitutes neither a valid affidavit nor a valid unsworn declaration, and therefore does not constitute evidence of service;
>
> (2) the person CMH purportedly served was in an entirely different city at the time of the alleged service, as evidenced by two declarations and the authenticated minutes of a non-profit board meeting he was attending at the time of the purported service; and

(3) the Texas judiciary and a state licensing board have been raising alarms about a recent rash of fraudulent affidavits of service in the Dallas Metro area, where CMH purportedly served LULAC.

*See* Dkts. 3-7.

CMH's Motion to Remand is silent on these issues. Instead, it asserts a novel and undeveloped *Rooker-Feldman* argument. The Motion is based solely on vague platitudes about the doctrine. Dkt. 12 at 3-4. CMH does not cite to a **single** case in which a court applied the *Rooker-Feldman* doctrine to a properly-removed case. *See id.* Nor could it find such a case— courts across the country have determined that CMH's position "evidences a fundamental misunderstanding of both *Rooker-Feldman* and removal." *Jenkins v. MTGLQ Invs.*, 218 F. App'x 719, 723 (10th Cir. 2007). Indeed, CMH's position has been squarely rejected by—at a minimum—the Western District of Wisconsin, numerous other district courts, and the Fourth, Fifth, Eighth, and Eleventh Circuit Courts of Appeal.

For these reasons, LULAC respectfully requests this Court deny CMH's Motion to Remand, dkt. 11, and instead grant LULAC's Motion to Vacate and Dismiss, dkt. 3.

## BACKGROUND

### A.    The State Court Proceedings Prior To Removal.

CMH filed a defamation action in Waukesha County Circuit Court related to LULAC's allegedly false statement about CMH's policies related to U.S. Immigration and Customs Enforcement ("ICE") administrative warrants. Dkt. 1-2. CMH obtained a default judgment of over $1.2 million dollars against LULAC for compensatory and punitive damages, Dkt. 1-6, despite a representative of LULAC having appeared for the default hearing to explain it had not been served and only learned of the default hearing shortly before it began. Dkt. 6, ¶22. LULAC was not permitted to participate in the default hearing because it did not yet have counsel. Dkt. 1-1.

LULAC filed its Motion to Vacate Default and Dismiss ("Motion to Vacate") and supporting materials with the Waukesha County Circuit Court on May 27, 2026, the day after the state court entered its order of the default. Dkts. 3-7. In its Motion, LULAC argued that the judgment, in excess of $1.2 million, was entered without LULAC having even been properly served. *See* Dkt. 4, *generally.*

**B.      LULAC's Removal.**

After learning of the state court action on May 12, 2026, dkt. 6, ¶22, LULAC removed the state court action to federal court on June 2, 2026. Dkt. 1. CMH's motion to remand does not dispute that LULAC's removal was timely. *See generally* dkt. 12.

**C.      The Fraudulent Declaration of Service.**

As part of its default motion, CMH presented a purported Declaration of Corporate Service. Dkt. 1-5 (hereinafter the "Service Document"). CMH's counsel, Matthew J. Tobin, also attested to the fact that "Defendant was served with the Summons and Complaint on January 8, 2026, via personal service." Dkt. 1-4, ¶5. Before this Court, CMH continues to assert that its "process server has provided a Declaration of Corporate Service, attesting to the fact that Defendant was served with the State Court Summons and Complaint on January 14, 2026." Dkt. 12 at 1 (citing dkt. 1-5).

However, as LULAC's pending Motion to Vacate explains, the Service Document is not notarized (and therefore is not an affidavit) and does not state that it is true under penalty of false swearing (and therefore is not an unsworn declaration). Dkt. 4 at 10-12; *see also* dkt. 1-5. Put simply, it "does not matter what a document is called. If a statement does not meet the requirements for an affidavit or a declaration, then it isn't an affidavit or a declaration." Dkt. 4 at 11 (*quoting Zavala-Alvarez v. Darbar Mgmt.*, 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022)).

3

In fact, LULAC was never served with a summons and complaint in this matter. Dkt. 6, ¶¶18-21; dkt. 5, ¶¶16-19. The Service Document states that the process server personally served LULAC's National President, Roman Palomares, at 11:43 a.m. at a law firm in Dallas on January 8, 2026. Dkt. 1-5. However, at that time Mr. Palomares was 35 miles away from the location of the purported service. Dkt. 6, ¶¶10-15; Dkt. 7, ¶¶5-14; Dkt. 7 at 5-10. Mr. Palomares, a third-party witness who was with him at the time of purported service, and authenticated minutes of a non-profit board meeting all demonstrate that Mr. Palomares could not possibly have been served at 11:43 a.m. in Dallas. *Id.* At the time of the purported service, Mr. Palomares was in a different city, attending an Airpower Foundation board meeting. *Id.*

LULAC's experience—receiving a default judgment without ever being served—is not unique. As set forth in the Motion to Vacate and Dismiss, the Texas judiciary and a state licensing commission are raising alarms about a pattern of process servers filing falsified service documents in the Dallas Metro area, where CMH's process server purportedly served LULAC.[1]

**ARGUMENT**

I.   **The Court should dismiss the case for lack of personal jurisdiction, without reaching *Rooker-Feldman.***

    A.   **By failing to respond, CMH concedes that no court has personal jurisdiction over LULAC, such that this case must be dismissed.**

The Court should not even reach the *Rooker-Feldman* issues here. "Without service, there is no personal jurisdiction over the defendant. This right is not waived by filing a petition for removal to federal court." *Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995). The

---

[1] https://www.nbcdfw.com/investigations/sued-without-knowing-it-complaints-grow-over-process-servers-in-north-texas-courts/3985941/ (last accessed July 10, 2026); https://www.nbcdfw.com/investigations/texas-considers-crack-down-process-servers-false-filings/4018487/ (last accessed July 10, 2026). Indeed, the problem is so pervasive that it has caused the Texas Judicial Branch Certification Commission to propose changes to licensing rules for process servers. *Id.*; *see also* https://www.txcourts.gov/jbcc/ ("The Judicial Branch Certification Commission has recommended modifications to the JBCC Process Server Rules, Process Server Fees, and Process Server Code of Ethics to the Supreme Court of Texas. These documents are now posted for public comment for a period of 30 days."); *see also* dkt. 4, n.2.

Supreme Court has explained that the removal statutes must not be construed "to render removal the sole instance in which one's procedural rights slip away before service of a summons, *i.e.,* before one is subject to any court's authority." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 356 (1999). Thus, the threshold question before this Court is whether LULAC was properly served. It was not. *See* Background Section C, above.

LULAC filed its Motion to Vacate and supporting declarations on May 26, 2026. Dkts. 3-7. In the six-plus weeks since, CMH has not withdrawn the fraudulent declaration of service; has not cured the defects with a supplemental declaration of service; has not responded to the Motion to Vacate Default; and has not in any way refuted the three declarations LULAC filed that evidence that CMH did not serve LULAC. Likewise, while CMH claims—based on its non-evidentiary Service Document—to have served LULAC on January 14, 2026, CMH does not assert that LULAC's June 2, 2026 notice of removal, dkt. 1, was untimely.

The "plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Coleman v. Rpf-Somers Invs., LLC*, No. 25-CV-1277-JPS, 2025 LX 469489, at *15 (E.D. Wis. Nov. 4, 2025) (*quoting Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011)). Despite ample time and opportunity to do so—both in this Motion and in response to the Motion to Vacate—CMH has not demonstrated effective service. "[B]y failing to respond to" the lack of service "arguments, Plaintiff concedes and waives those arguments." *Hokamp v. Miller*, No. 21-CV-1125-JPS, 2023 U.S. Dist. LEXIS 3172, at *3 n.4 (E.D. Wis. Jan. 9, 2023); *see also* Civil L.R. 7(b) ("Failure to respond to the motion may result in the Court deciding the motion without further input from the parties.").

**B.  The Court should deny CMH's purported Motion to Strike.**

Because CMH has not responded to LULAC's Motion to Vacate and Dismiss, it feigns confusion as to whether it is required to respond at all. Specifically, CMH asks the Court to

5

strike LULAC's Motion to Vacate (and reply thereto), citing one obscure treatise for the proposition "motions filed in state court do not carry over automatically and often must be refilled [*sic*] to be addressed in federal court." Dkt. 12 at 4. However, CMH misstates the law— the motion filed in state court remains pending and CMH had an obligation to respond within 21 days.

"Judicial economy is promoted by providing that proceedings had in state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 435-36 (1974). "When a cause is removed from a state court into a federal court, the latter takes it as it stood in the former." *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011) (*quoting Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.*, 260 U.S. 261, 288 (1922)). Thus, a "federal court inherits a removed case in its procedural posture on the date of removal." *Laplant v. Nw. Mut. Life Ins. Co.*, 701 F.3d 1137, 1142 (7th Cir. 2012). The Motion to Vacate and Dismiss is part of the "other proceedings," 28 U.S.C.S. § 1450, which occurred in state court prior to removal, and it therefore remains in effect. *See Montgomery Mall Ltd. P'ship*, 704 F.2d 1173, 1176 (10th Cir. 1983) (Under section 1450, "motions pending in state court survive removal to federal court[.]"); *Lowrey v. City of Rio Rancho*, No. 25-849 JFR/LF, 2025 LX 560622, at *2 n.1 (D.N.M. Nov. 13, 2025) ("Thus, by operation of law, all motions pending in state court at the time of removal remain pending as if they had been filed in federal court."); *Cattell v. Deeks*, 2021 Bankr. LEXIS 712, at *11-12 (Bankr. D. Or. Mar. 22, 2021) (After removal, the parties need not start from "scratch and refile all pleadings and motions."). Thus, CMH had 21 days to respond to LULAC's Motion to Dismiss. Civil L.R. 7(b). It failed to do so.

Nor can CMH credibly claim to be confused as to how it must respond to the Motion. "In determining the validity of service prior to removal, a federal court must apply the law of the

state under which the service was made[.]" *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986); *see also United Rope Distribs., Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 536 (7th Cir. 1991) ("Federal courts acquire personal jurisdiction only to the extent the state law authorizes service of process."). Thus, the fundamental analysis—whether CMH served LULAC or not—is identical in either forum.[2] And where a state court plaintiff fails to timely serve, as here, the federal court must dismiss the action after removal. *Barnett v. Karl Storz Endoscopy Am., Inc.,* No. 15-cv-36-wmc, 2015 U.S. Dist. LEXIS 39743, at *4 (W.D. Wis. Mar. 27, 2015). It "is not possible for plaintiff to cure this defect since (1) the 90-day period for service has lapsed, and (2) that time period may not be enlarged." *Id.* (citing Wis. Stat. § 801.15(2)(a)).

Likewise, CMH will not suffer any undue prejudice from the dismissal. Dismissal for failure to timely serve is without prejudice. *Id.* LULAC made the allegedly defamatory statement less than a year ago and CMH has plenty of time to refile and litigate on the merits. *See* Wis. Stat. § 893.57 (setting three-year statute of limitations for defamation). CMH will not lose the ability to attempt to litigate its claim on the merits, once it serves LULAC.

## II. *Rooker-Feldman* does not justify remand.

### A. *Rooker-Feldman* does not apply to an otherwise properly-removed case.

The *Rooker-Feldman* doctrine does not apply here. This is true for two reasons.

***First,*** CMH merely recites the general principles of the *Rooker-Feldman* doctrine. *See* Dkt. 12 at 3-4. But ***none*** of the cases CMH cites to involve a timely-invoked right of removal. *Id.* None address whether *Rooker-Feldman* bars an otherwise proper notice of removal. *See id.* And none address whether a party removing to federal court is invoking original or appellate jurisdiction. *See id.* By failing to develop the argument, CMH waives the argument. *See, e.g.*,

---

[2] The procedural vehicles for seeking to vacate a judgment for failure to serve are also substantially the same. *Compare* Wis. Stat. § 806.07(1)(a), (d) and (h) with Fed. R. Civ. P. 60(b)(1), (4), and (6).

*S.J. Louis Constr., Inc. v. City of Waukesha*, No. 24-CV-272-JPS, 2026 LX 134381, at *41 n.8 (E.D. Wis. Mar. 31, 2026). On that basis alone, the Court should deny the Motion to Remand.

***Second,*** CMH's position "evidences a fundamental misunderstanding of both *Rooker-Feldman* and removal." *Jenkins*, 218 F. App'x at 723. In *Kent v. Harris*, for example, the Western District vacated a state court judgment because it "concluded that the *Rooker-Feldman* doctrine did not apply because defendants had never been properly served under state law." No. 08-cv-141-bbc, 2008 U.S. Dist. LEXIS 77706, at *2 (W.D. Wis. Oct. 3, 2008).

When a party "has not brought a new federal case seeking to challenge a state court judgment" but has instead "removed an existing state case where a motion to set aside the judgment was pending[,] [s]uch removals are not barred by the Rooker-Feldman doctrine." *Westlake Legal Grp. v. Yelp, Inc.*, 599 F. App'x 481, 483 (4th Cir. 2015). Thus, even if the state court has already entered a default judgment, "[p]roper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them." *Jenkins*, 218 F. App'x at 723. Put simply, "the *Rooker-Feldman* doctrine does not apply to cases removed to federal court." *Wills v. Encompass Ins. Co.*, 47 F.4th 900, 904 (8th Cir. 2022). Courts around the country agree.[3]

Indeed, "[a]fter removal, the federal court takes the case up where the State court left it off." *Granny Goose Foods*, 415 U.S. at 436; *see also* 28 U.S.C.S. § 1450. Thus, *Rooker-Feldman*

---

[3] *See, e.g.*, *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 64 (11th Cir. 2006) ("The *Rooker-Feldman* doctrine does not apply here because FleetBoston was invoking the district court's original jurisdiction over the case and was not appealing the state court judgment."): *see also In re Meyerland Co.*, 960 F.2d 512, 516 n.6 (5th Cir. 1992) ("Under the modern understanding, removing this case does not constitute the appeal of a state court judgment to federal court."); *Soloway v. Huntington Nat'l Bank*, No. 1:12-cv-507, 2012 U.S. Dist. LEXIS 193288, at *3 (W.D. Mich. Dec. 18, 2012) ("Although a default judgment has been entered, neither res judicata nor the *Rooker-Feldman* doctrine bar the removal of the action from state court to federal court as the removal is neither a new action involving the same parties nor an appeal."); *Wilson v. Kemper Corp. Servs.*, 635 F. Supp. 3d 506, 520 (S.D. Miss. 2022) ("*Rooker-Feldman* does not preclude setting aside an entry of default or a default judgment, as this review implicates this Court's original jurisdiction rather than the 'appellate review' prohibited by the Rooker-Feldman doctrine." (internal quotation omitted)); *Leavitt v. Sky Warrior Bah. Ltd.*, No. 24-886 (RMB) (SAK), 2024 LX 10205, at *12 (D.N.J. Sep. 24, 2024) ("Once an action is properly removed, the *Rooker-Feldman* doctrine does not stand in federal courts way to review a default judgment entered by a state court.").

8

Case 2:26-cv-00985-JPS    Filed 07/10/26    Page 8 of 10    Document 14

does not apply for the same reason that *res judicata* does not apply to a timely removed action. *Payne v. Churchich*, 161 F.3d 1030, 1035 (7th Cir. 1998). In *Payne*, after years of litigation, the plaintiffs amended their complaint to add a federal claim, creating federal jurisdiction for the first time. *Id.* One of the defendants in that multi-party action sought to dismiss the federal complaint as barred by *res judicata*, based on a decision earlier in the litigation, while the case was in state court. *Id.* at 1037. The Seventh Circuit explained that "it is important to keep in mind that this situation does not involve two separate lawsuits, one in state court and another in federal court. Rather, it involves one suit that originated in state court and that was removed to federal court." *Id.* The Court explained that "[i]n the context of removal, once the case is in federal court, the state court orders issued prior to removal are not conclusive but remain binding until they are set aside." *Id.* (citing 28 U.S.C. § 1450)). So too here.

**B.      Even if *Rooker-Feldman* could apply, an obvious exception applies.**

Even if the doctrine would otherwise apply, there is an exception where the party "lacked a reasonable opportunity to present its argument during the state court proceedings, such that "they are not barred by *Rooker-Feldman*." *Brokaw v. Weaver*, 305 F.3d 660, 668 (7th Cir. 2002). In *Brokaw*, the party "wasn't even present and was not represented at [the key state court] hearing" such that the party "did not have a reasonable opportunity to raise her constitutional claims during that proceeding." *Id.*; *see also Gilbank v. Wood Cty. Dep't of Hum. Servs.*, 111 F.4th 754, 779 (7th Cir. 2024) (affirming the *Brokaw* reasonable opportunity exception). Here, LULAC first learned of the state court action on May 12, 2026, when contacted by a reporter minutes before the default hearing began. Dkt. 6, ¶22; Dkt. 1-1 at 4. The Clerk's notes of the default judgment hearing indicate that LULAC's Wisconsin State Director and its national CEO appeared at the hearing but were not allowed to participate because they were not licensed

9

attorneys. Dkt. 1-1 at 4. They asked for an adjournment to obtain counsel and the court denied that request. *Id.* As such, LULAC had no reasonable opportunity to present its arguments.

**CONCLUSION**

For the forgoing reasons, LULAC respectfully requests that the Court deny CMH's Motion to Remand, dkt. 11, grant LULAC's Motion to Vacate Default and Default Judgment and to Dismiss for Lack of Service, dkt. 3, and grant LULAC any other relief the Court deems just and appropriate.

Dated: July 10, 2026.  STAFFORD ROSENBAUM LLP

By: */s/ David P. Hollander*
Laura E. Callan, SBN 1017353
Erin K. Deeley, SBN 1084027
David P. Hollander, SBN 1107233
222 W. Washington Ave., Suite 900
Madison, WI 53703-2744
lcallan@staffordlaw.com
edeeley@staffordlaw.com
dhollander@staffordlaw.com
608.256.0226

*Attorneys for Defendant*
*League of United Latin American Citizens*