# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CATHOLIC MEMORIAL HIGH
SCHOOL OF WAUKESHA, INC.,

        Plaintiff,

v.

        Case No. 26-CV-985-JPS

LEAGUE OF UNITED LATIN
AMERICAN CITIZENS,

        Defendant.

        **ORDER**

In December 2025, Plaintiff Catholic Memorial High School of Waukesha, Inc. ("CM") brought a defamation action against Defendant League of United Latin American Citizens ("LULAC") in Waukesha County Circuit Court. *Catholic Memorial High Sch. of Waukesha, Inc. v. League of United Latin American Citizens*, Case No. 2025CV002360 (Waukesha Cnty. Cir. Ct. 2025, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2025CV002360&countyNo=67&index=0 (last visited August 7, 2026) ("State Case").[1] On April 1, 2026, CM moved for default judgment. State Case, Apr. 1, 2026 docket entry. On May 12, 2026, the state court held an evidentiary hearing on that motion

---

[1]The Court can and will take judicial notice of state court records. *See United States v. Hemphill*, 447 F. App'x 733, 736 (7th Cir. 2011) (citing FED. R. EVID. 201(b) and *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)).

and granted default judgment to CM, awarding $1,257,600 in compensatory damages and $10,000 in punitive damages. State Case, May 12, 2026 docket entry. On May 27, 2026, LULAC filed a motion to vacate the default judgment and, in the alternative, dismiss the case for lack of service, along with a brief in support. State Case, May 27, 2026 docket entry; ECF Nos. 1-7, 1-8 (state court motion and brief). That same day, the state court set a briefing schedule to be followed by a hearing. *Id.*

On June 2, 2026, before the first brief was ever submitted, LULAC filed a notice of removal, and the case was assigned to Magistrate Judge Nancy Joseph. ECF No. 1; June 2, 2026 docket annotation.[2] That same day, LULAC filed a motion to vacate default/default judgment and dismiss the case for lack of service, along with a brief in support. ECF No. 3. In turn, CM filed a motion to remand[3] the case to Waukesha County Circuit Court. ECF No. 11. For the reasons set forth below, the Court will grant CM's motion to remand the case, ECF No. 11, and deny as moot the entirety of LULAC's motion. ECF No. 3.

Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). In fact, they "must make their own inquiry to

---

[2]By removing the case, the state court was divested of its jurisdiction. *Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (citing *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)).

[3]In the time between the filing of CM's and LULAC's respective motions, the case was reassigned to this branch of the Court. *See* June 24, 2026 docket annotation.

ensure that all statutory requirements are met before exercising jurisdiction." *Page v. Dem. Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900)).

In this case, LULAC's notice of removal, in which it claims this case arises under diversity jurisdiction under 28 U.S.C. § 1332, includes two defects of the same kind. ECF No. 1; *see also Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (courts look at the notice of removal, rather than the state court complaint, to determine whether diversity is properly alleged). As relevant here, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). LULAC's notice of removal correctly pleads the parties' state of incorporation. ECF No. 1 at 4 (alleging CM to be a Wisconsin corporation and LULAC to be a Texas corporation). But the notice of removal's recitation of the location of the parties' principal offices, *see* ECF No. 1 at 4, is, without more, insufficient to satisfy the principal place of business pleading requirement. *Hertz*, 559 U.S. at 97 (rejecting the suggestion that a "principal executive office" is synonymous with an entity's principal place of business (citing *Dimmitt & Owens Fin., Inc. v. United States*, 787 F.2d 1186, 1190–92 (7th Cir. 1986)); *see also Steines v. Crown Media U.S., LLC*, No. 18-09293-CJC(FFMx), 2018 WL 6330600, at *3 (C.D. Cal. Dec. 4, 2018) (finding that defendant's principal place of business was in New York because defendant's CEO and President testified that he directed and controlled corporate activities from New York, notwithstanding evidence showing that defendant's principal offices were in Studio City, California); *Kanowitz v. Broadridge Fin. Sols., Inc.*, No. 13-649 DRH AKT, 2014 WL 1338370, at *10 (E.D.N.Y. Mar. 31, 2014) (similar); *Pegasus Indus., Inc. v. Martinrea Heavy*

*Stampings, Inc.*, No. 3:16-CV-00024-GFVT, 2016 WL 3043143, at *2 (E.D. Ky. May 27, 2016) (similar).

While there is no set time limit inside of which LULAC must cure these deficiencies, *Advanced Concrete, Inc. v. Kurtex Logistics*, *Inc.*, No. 25-cv-548-jdp, 2025 WL 3033997, at *2 n.2 (W.D. Wis. Oct. 25, 2025) (collecting cases allowing parties to cure removal pleading defects past the statutory deadline under certain circumstances), ultimately the fact remains that the Court is unconvinced that it can hear this case.

With the benefit of the parties' detailed arguments as to whether the *Rooker-Feldman* abstention doctrine applies, and based its own research, the Court cannot find that the doctrine is inapplicable to this case. After all, LULAC's motion, ECF No. 3, asks the Court, in no uncertain terms, to not only review the default judgment entered by the state court, but to vacate it. And, in Wisconsin, a default judgment can constitute a final judgment—precisely that which the *Rooker-Feldman* doctrine prohibits this Court from reviewing. *See Nat'l Operating, L.P. v. Mut. Life Ins. Co. of N.Y.*, 630 N.W.2d 116 ¶ 105 (Wis. 2001) (Crooks, J., dissenting) ("For the purposes of a claim preclusion analysis, a default judgment is a final judgment." (citing *A.B.C.G. Enters., Inc. v. First Bank Se.*, 515 N.W.2d 904 (1994))); *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (explaining the *Rooker-Feldman* doctrine bars inferior federal courts from "exercising appellate jurisdiction over final state-court judgments"). Indeed, by Plaintiff's own words, "in the context of removal, once the case is in federal court, the state court orders issued prior to removal . . . remain binding until they are set aside." ECF No. 14 at 9 (citing *Payne v. Churchich*, 161 F.3d 1030, 1035 (7th Cir. 1998)). Therefore, the Court remains skeptical it can intervene, particularly given that none of LULAC's arguments reconcile how the doctrine's purpose—to bar "'state-

court losers' from challenging 'state court judgments'"—could be accomplished while allowing LULAC to proceed with this litigation before this Court. *Lance*, 546 U.S. at 460.

Further casting doubt on the doctrine's inapplicability is that, in Wisconsin, final judgments are appealable to the state appellate courts as a matter of right. WIS. STAT. § 808.03(1); *see Leavitt v. Sky Warrior Bahamas Ltd.*, No. 24-886 (RMB) (SAK), 2024 WL 4275052, at *5 (D.N.J. Sept. 24, 2024) (finding *Rooker-Feldman* inapplicable, in part, because, in New Jersey, default judgments are *not* appealable) (citing *Haber v. Haber*, 601 A.2d 1199, 1200 (N.J. Super. Ct. App. Div. 1992) (emphasis added)). While LULAC cites other circuits[4] and a Western District of Wisconsin case[5] in support of its position that *Rooker-Feldman* does not bar this Court's review, it does not cite a single Seventh Circuit case that firmly establishes its position. *See generally* ECF No. 14.

To be clear, LULAC does cite Seventh Circuit cases, but they are inapposite here. In both *Allen v. Ferguson*, 791 F.2d 611 (7th Cir. 1986) and *Silva v. City of Madison*, 69 F.3d 1368 (7th Cir. 1995), the cases were removed prior to any judgment being entered by the state court. In *Churchich*, 161 F.3d 1030, the state court entered summary judgment against certain defendants but did not enter any judgments against the defendants that removed the case. As a last-gasp argument, LULAC suggests there is

---

[4] *See, e.g., Westlake Legal Grp. v. Yelp, Inc.*, 599 F. App'x 481 (4th Cir. 2015) and *Wills v. Encompass Ins. Co.*, 47 F.4th 900 (8th Cir. 2022); *see also* ECF No. 14 at 8 n.3 (collecting cases).

[5] *Kent v. Harris*, No. 08-CV-141-bbc, 2008 WL 4467188 (W.D. Wis. Oct. 3, 2008).

nonetheless an exception to *Rooker-Feldman* that applies here. *See* ECF No. 14 at 9 (citing *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th, 774, 778 (7th Cir. 2024)). True, there is an exception to *Rooker-Feldman* if a plaintiff had no reasonable opportunity to be heard because, under "state law," the plaintiff was "'effectively precluded' [from] raising the issue in state court." *Gilbank*, 111 F.4th at 778–79 (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558–59 (7th Cir. 1999)). However, here, LULAC identifies no state law to bring this exception under the Court's microscope. ECF No. 14 at 9–10.

In light of the foregoing findings, the Court is obligated to remand this case to Waukesha County Circuit Court. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

As such, the Court must grant CM's motion to remand this case to state court. Accordingly, it will deny as moot LULAC's motion to vacate default/default judgment, and, in the alternative, dismiss the case.

Accordingly,

**IT IS ORDERED** that Catholic Memorial High School of Waukesha, Inc.'s motion to remand this case, ECF No. 11, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **REMANDED** to the Waukesha County Circuit Court; and

**IT IS FURTHER ORDERED** that Defendant League of United Latin American Citizens' motion to vacate default/default judgment and, in

alternative, dismiss this case, ECF No. 3, be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to take all appropriate steps to effectuate the remand of this case.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge